IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY EUGENE POLING,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-735-L-BW** |
| | § | |
| **STATE OF TEXAS;**[1] **TDCJ-CID COFFIELD UNIT; WARDEN ENGE; and WARDEN HALL,** | § | |
| | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On April 20, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court dismiss without prejudice the habeas claims in this action, brought pursuant to 28 U.S.C. § 2254, because Petitioner failed to exhaust available state remedies. In this regard, the magistrate judge determined that Petitioner's direct appeal of his revocation and resulting adjudication of guilt is pending in the Fifth District Court of Appeals of Texas. The magistrate judge also noted that the appeal is scheduled to be submitted to an appellate panel on April 29, 2026. The magistrate judge determined, however, that, because the appeal is pending, any ruling by a federal court would improperly preempt the state court from performing its proper function in contravention of the purpose of the exhaustion requirement that is designed to protect the role of state courts and prevent disruption of state judicial proceedings.

[1] The State of Texas was terminated as a party to this action on April 6, 2026, after Petitioner amended his habeas petition.

Petitioner filed objections to the Report (Doc. 11), contending that he had exhausted his state remedies because the Fifth District Court of Appeals has ruled on his appeal.[2] According to the docket sheet in Petitioner's appeal, the Fifth District Court of Appeals issued an opinion and judgment on May 4, 2026, dismissing the appeal for lack of jurisdiction because it was not timely filed. The court, therefore, recommitted this matter to the magistrate judge for further consideration regarding the effect, if any, of the Fifth Court of Appeals' dismissal of Petitioner's appeal on this habeas action.

Petitioner filed objections to this order on June 8, 2026 (Doc. 14), which were preceded by a Motion for Release he filed on May 27, 2026 (Doc. 13). In his June 8 objections, Petitioner contends that his main objection concerns his right to review by an Article III judge, which is precisely what the undersigned is doing in issuing this order and its prior order.

In addition, he disputes that he amended his habeas that removed the State of Texas as a Respondent and contends that the Amended Petition (Doc. 6) that he filed was simply filed in response to the magistrate judge's order. The only order entered by the magistrate judge before Petitioner filed his Amended Petition was an Order and Notice of Deficiency (Doc. 5) that required him to include his habeas claims on the appropriate form. The Amended Petition (Doc. 6), which superseded the Original Petition, was submitted on the appropriate form, but, unlike the initial Petition, it does not mention the State of Texas, and, in any event, does not change the failure-to-exhaust analysis.

Finally, Petitioner takes issue with the court's prior characterization of his objection to the Report as asserting that he exhausted his state remedies because the Fifth Court of Appeals has ruled on his appeal. Petitioner clarifies that he instead merely presented "notices and Petitions of

---

[2] Petitioner also contended that he did not consent to proceed before the magistrate judge. The court overruled this objection, explaining the reasons why this action was appropriately referred to the magistrate judge in accordance with applicable federal law and the Northern District of Texas's procedures.

[his] claims" to the Fifth Court of Appeals, and that all such notices and Petitions were denied on February 19, 2026. As with his other objection to the undersigned's June 8, 2026 Order, this does not affect its failure-to-exhaust analysis.

In his Motion for Release, Petitioner complains about the state court judge assigned to his case (Judge Dominique Collins) and the attorney appointed to represent him (Stephanie Hudson). On June 11, 2026, the magistrate judge issued Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Supplemental Report") (Doc. 15). In the Supplemental Report, the magistrate judge construed Petitioner's Motion to Release, which was received by the court on May 27, 2026 (Doc. 13), as a Motion for Leave to Supplement his Amended § 2254 Petition, granted the motion, and recommended that the court dismiss the Amended § 2254 Petition, as supplemented, without prejudice for failure to exhaust state remedies. In support of this recommendation, the magistrate judge also determined that, because Petitioner has an available state corrective process that he is currently pursuing, he has not shown the type of extraordinary circumstances necessary to render that process ineffective or exempt him from exhausting available state remedies.

Subsequently, Petitioner filed a Motion for Reconsideration (Doc. 17) and a Motion to Speak (Doc. 18),[3] the latter of which the court **construes** as a request for a hearing because Petitioner asserts that he only needs 45 minutes to speak to demonstrate that attorney Stephanie Hudson and Judge Dominique Collins violated criminal laws. Petitioner signed the Motion for Reconsideration on June 25, 2026, averred that the Motion for Reconsideration was put in the prison mail on the same date. The Motion for Reconsideration was received by clerk of court and docketed on July 2, 2026. It is not entirely clear, though, what rulings or orders for which

[3] The Motion for Reconsideration was docketed on July 2, 2026, and the Motion to Speak was docketed on July 31, 2026.

Petitioner seeks reconsideration. It appears that the Motion for Reconsideration is directed at the magistrate judge's initial Report and possibly the undersigned's order recommitting the matter to the magistrate judge for further consideration in light of Petitioner's objections.

Petitioner acknowledges in the Motion for Reconsideration that he is receiving legal mail, but he asserts that the "guards won't let me out" to personally retrieve mail from the mailroom when he is notified that he has mail that is ready to be picked up. He also asserts that the last mail he received from the court was the undersigned's order that was docketed on May 22, 2026, and recommitted the case to the magistrate judge. In addition, Petitioner argues regarding the merits of his habeas claims and contends in conclusory fashion that he has exhausted his state remedies even though he was not required to do so before filing this habeas action.

The court has not received any objections by Petitioner to the Supplemental Report. Although Petitioner's receipt of legal mail appears to have been slightly delayed in the past while he is not allowed to personally retrieve mail from the jail mail room, the court determines that he has had sufficient time to file objections to the Supplemental Report because the length of time that has passed since the issuance of the Supplemental Report now exceeds the amount of time it took for Petitioner to previously receive the court's order that was docketed on May 22, 2026, and prepare/sign his Motion for Reconsideration on June 25, 2026. As indicated, he also filed a Motion to Speak, which was docketed on July 31, 2026.

Further, the Supplemental Report simply clarifies the magistrate judge's prior recommendation and addresses Petitioner's objections to the initial Report. Thus, Petitioner had notice of the grounds on which dismissal was recommended—failure to exhaust state remedies—and his objections to the first Report, the court's order addressing that Report, and his subsequent filings support a finding that he had an opportunity to assert objections and provide the bases for such objections in response to the original Report and Supplemental Report notwithstanding his

assertions about alleged delays in receiving mail while incarcerated. His various filings, however, focus more on his allegations of alleged criminal conduct rather than matters relevant to the court's failure-to-exhaust analysis.

Accordingly, having considered the Amended and Supplemented Habeas Petition, the Motion for Reconsideration, the file, record in this case, the Report, and Supplemental Report, and having conducted a de novo review of the objections filed to the Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections (Doc. 11) to the Report; **denies without prejudice** his Amended and Supplemented Habeas Petition and habeas claims; and **dismisses without prejudice** this action. The court also **overrules** Petitioner's objections (Doc. 14) to the undersigned's May 21, 2026 Order recommitting this action to the magistrate judge; **denies** his Motion for Reconsideration (Doc. 17); and **denies as moot** his Motion to Speak (Doc. 18).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability,[4] as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report and Supplemental Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 26th day of October, 2026.

Sam A. Lindsay
United States District Judge